---

Lópᴇᴢ, Dᴇᴍᴀɴᴅᴀɴᴛᴇ ʏ Aᴘᴇʟᴀɴᴛᴇ, *v.* Cᴇɴᴛʀᴀʟ Vᴀɴɴɪɴᴀ, Dᴇᴍᴀɴᴅᴀᴅᴀ ʏ Aᴘᴇʟᴀᴅᴀ.[1]

Aᴘᴇʟᴀᴄɪóɴ procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre desahucio.

No. 1702.—Resuelto en febrero 26, 1918.

Aʀʀᴇɴᴅᴀᴍɪᴇɴᴛᴏ—Lᴜɢᴀʀ ᴅᴇʟ Pᴀɢᴏ ᴅᴇ ʟᴏs Cáɴᴏɴᴇs—Oʙʟɪɢᴀᴄɪóɴ ᴅᴇʟ Aʀʀᴇɴᴅᴀ-ᴛᴀʀɪᴏ.—Cuando en un contrato de arrendamiento no se fija expresamente el lugar donde se ha de verificar el pago de los cánones, debe concluirse, de acuerdo con el artículo 1139 del Código Civil, que el lugar del pago es el del domicilio del arrendatario. Tal conclusión no implica que el arrendata-

---

[1] Resuelto en reconsideración en julio 19, 1918. Véase pág. 180.

rio no está obligado a pagar hasta que sea requerido por el arrendador. Su obligación es independiente y debe cumplirse sin necesidad de gestión de la otra parte contratante, recurriéndose si fuere necesario al medio de la consignación previsto y regulado por la ley.

Desahucio—Falta de Pago.—Puede el arrendador desahuciar al arrendatario, cuando éste deja de pagar el canon del arrendamiento en los términos convenidos.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Muñoz & Brown.*

Abogado de la apelada: *Sr. Damián Monserrat, Jr.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Se trata de un pleito sobre desahucio. Demandante y demandada celebraron un contrato de arrendamiento que contiene esta cláusula: "El canon de este arrendamiento es de ciento veinte dollars mensuales, que la corporación arrendataria le pagará a la arrendadora dueña de las fincas por mensualidades vencidas." No se fijó en el contrato el lugar en donde debía verificarse el pago.

Como primera causa de acción alegó la parte demandante que la demandada a la fecha de la demanda—agosto 24, 1916—no le había pagado la mensualidad correspondiente al pasado mes de julio. La demandada aceptó en su contestación de 28 de agosto de 1916 que no había pagado la mensualidad de julio, alegando como defensa especial que no había sido requerida de pago en forma alguna, ni por la demandante ni por ninguna otra persona en su nombre.

La corte de distrito resolvió el caso en favor de la demandada. Su criterio está condensado en el párrafo de su opinión que dice así:

"La prueba aportada demuestra que la demandante en este caso no tiene ningún representante residente en San Juan, donde tiene sus oficinas la corporación demandada, a quien pueda hacerse el pago de los cánones. La parte actora no ha hecho gestión alguna para el cobro de la mensualidad que venció en los meses de julio y agosto. De acuerdo con el contrato la corporación demandada está

obligada a pagar por mensualidades vencidas; pero esta obligación debe cumplirse en el domicilio de la Central Vannina, según determina el artículo 1139 del Código Civil Revisado.  La arrendataria tiene la obligación de pagar, una vez vencido el canon; pero no tiene necesidad de moverse de su domicilio y si la parte arrendadora desea que se le pague puntualmente sin inconveniente de ninguna clase, debe autorizar a una persona para que reciba a su nombre el pago de los cánones vencidos en el domicilio de la corporación demandada. Mientras no se ofrezca a la arrendataria la oportunidad de realizar el pago, no puede decirse que ésta ha faltado a las condiciones estipuladas en el contrato sobre el pago de las mensualidades vencidas.''

Después de un examen cuidadoso de las alegaciones y las pruebas, estamos enteramente conformes con la corte de distrito en que no habiéndose señalado expresamente en el contrato, debe concluirse de acuerdo con lo prescrito en el artículo 1139 del Código Civil, que el lugar del pago es el del domicilio de la corporación demandada.  Pero esta conclusión no nos lleva al extremo de sostener, como sostiene dicha corte, que la arrendataria no está obligada a pagar mientras la arrendadora no designe una persona en el domicilio de la arrendataria que reciba el precio del arrendamiento.

Según el artículo 1458 del Código Civil, el arrendatario está obligado a pagar el precio del arrendamiento en los términos convenidos.  Su obligación es independiente y debe cumplirse sin necesidad de gestión alguna por la otra parte contratante.  Ya en la Partida 5, título XIV, ley 8ª., dijo el Rey Sabio: ''Plazos e días ciertos ponen los homes entre sí, a que prometen de dar, o fazer algunas cosas, vnos a otros. E por ende dezimos, que cada vno es tenudo de dar o de fazer lo quel prometio, al plazo quel fue puesto para ello.  E non se puede excusar que lo non faga, maguer el otro, non gelo demande.''

Es cierto, como sostiene la corte sentenciadora, que la arrendataria no tenía que moverse de su domicilio para verificar el pago, pero sin moverse de su domicilio pudo y debió verificarlo aun en el caso de no presentarse nadie a demandarlo,

recurriendo a las claras prescripciones del artículo 1144 y siguientes del Código Civil.

Comentando Manresa el artículo 1176 del Código Civil español, igual al 1144 del nuestro, se expresa así:

"El Código enumera en los dos párrafos de este artículo cinco casos: uno en que ha de preceder el ofrecimiento al caso de negativa a admitir el pago por parte del acreedor, y cuatro en que la consignación puede hacerse desde luego, que son: el de ausencia del acreedor; el de incapacidad del mismo; el en que pretendan tener aquel carácter varias personas, y el de que se haya extraviado el título de la obligación.

"A estos cinco casos suelen añadirse por los autores tres más: el de ser el acreedor desconocido; el de negarse aquél a dar recibo o carta de pago, y el de no presentarse a su debido tiempo en el lugar convenido o designado por la ley para proceder al cobro. Este último caso está comprendido sin violencia en los preceptos del Código, ya atendido el fundamento de aquellos, que es dar medios al deudor para que no se prolonguen indebidamente los cuidados y cargos que la obligación lleva consigo, ya porque tal hipótesis puede decirse que expresamente la admite la ley, en cuanto se refiere a la ausencia del acreedor, y no en un sentido preciso que equivale a la situación legal de que el Código se ocupa en su libro 1º., sino en una acepción general, que equivale a la falta de presencia en el lugar y tiempo que la obligación exigía. No será necesario, por lo general, en estos casos el ofrecimiento previo, a no ser que el deudor conozca la residencia del acreedor y pueda fácilmente hacerle el ofrecimiento; pero como estas circunstancias no se presumen, su prueba corresponderá a éste si se impugna por defectos de forma la consignación hecha." 8 Manresa, Código Civil español, 317.

No habiendo, pues, la arrendataria cumplido con la obligación de pagar el precio del arrendamiento en los términos convenidos, es innegable el derecho de la arrendadora para ejercitar la acción de desahucio. Art. 1472, No. 2º., del Código Civil. Sec. 9 de la ley sobre desahucio de 1905. *Finlay v. R. Fabián & Cía.,* 24 D. P. R. 152. En tal virtud, sin necesidad de entrar a considerar la otra causa de acción en que se basa la demanda, debe declararse con lugar el recurso, revo-

carse la sentencia apelada y dictarse otra decretando el desahucio que se solicita, sin especial condenación de costas.

> *Revocada la sentencia apelada y dictada otra*
> *decretando el desahucio, sin especial conde-*
> *nación de costas.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.

