### CENTRAL VANNINA v. LOPEZ.

(Circuit Court of Appeals, First Circuit. May 26, 1919.)

#### No. 1380.

LANDLORD AND TENANT ⬦⟾213(1)—RENTAL—PAYMENT—DEPOSIT IN COURT.

The obligation to pay rent at the tenant's domicile, imposed by Civ. Code Porto Rico, § 1139, when the place of payment is not specified in the lease, is subject to the implied condition that the landlord, either in person or by agent, is present to receive payment, and where the landlord or agent is not present to receive payment, the tenant is not obligated to deposit the rental in court, under the provisions of section 1144 et seq.

Appeal from the Supreme Court of Porto Rico.

Unlawful detention action by Teresa Lopez against the Central Vannina. A judgment for defendant was reversed by the Porto Rico Supreme Court, and defendant appeals. Reversed and remanded, with directions.

Jorge V. Dominguez, of San Juan, Porto Rico (Coudert Bros., of New York City, on the brief), for appellant.

Joseph B. Jacobs, of Boston, Mass. (Jacobs & Jacobs, of Boston, Mass., and Luis Munoz Morales, of San Juan, Porto Rico, on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action of unlawful detainer, brought by Teresa Lopez against the Central Vannina to recover possession of certain rural properties in Porto Rico leased by her to the defendant.

The rental under the lease was originally fixed at $120 per month, but was afterwards, by agreement of parties, reduced. It was reserved in the following terms:

"The canon or rate of rents of this present lease is $120 a month, which the lessee corporation shall pay to lessor, the owner of the properties, at the expiration of each month."

---

⬦⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The place where the payment was to be made was not stated in the lease.

The action was brought August 24, 1916, and the complaint alleged that the defendant had not paid the rent due for the previous month of July. The defendant denied this, and alleged as a special defense that payment had not been in any way demanded from the defendant, either by the plaintiff or any other person, and that neither the plaintiff nor any other person in her behalf had come to the domicile of the defendant with the purpose of demanding payment of the rent for July.

In the district court of San Juan it was found that the rent for July, 1916, had not been paid; that the plaintiff's domicile was Caguas, and the defendant's domicile San Juan; that the plaintiff had no representative residing at San Juan to whom payment of the rentals could be made; and that she had taken no steps for the collection of the rental for the month of July. It was held that the defendant was not in default as to the payment of the rent, and that the action should be dismissed. In discussing the matter the court said:

"In accordance with the contract, the defendant corporation is bound to pay the rentals at the expiration of each month; but this obligation must be complied with in the domicile of the Central Vannina, as prescribed by section 1139 of the Revised Civil Code. The lessee is bound to pay, after the rentals become due; but it is not necessary for it to move out of its domicile, and if the lessor wishes to be faithfully paid, with no inconveniences whatsoever, she must authorize somebody to receive in her name the payment of the rentals due in the domicile of the defendant corporation. While no opportunity be offered to the lessee to make payment, it cannot be said that the latter has breached the conditions agreed upon in the contract as to payment of the monthly rentals due"—citing Revised Civil Code, §§ 1139, 1477.

On appeal to the Supreme Court the decision of the district court was reversed. The Supreme Court, however, agreed with the district court (1) that by the terms of the lease the rent became due at the expiration of each month; (2) that under section 1139 of the Code the place of payment was the domicile of the defendant corporation, the contract not expressly fixing the place at which payment was to be made; and (3) that the district court was right in holding that the defendant lessee was not obliged to go away from its domicile to pay the rent. But it held that, inasmuch as the defendant could have made the payment without moving out of its domicile, even though no one appeared to demand it, by complying with the provisions of section 1144 et seq. of the Civil Code, it should have done so, and was therefore in default; that no demand of payment was necessary.

Section 1472 of the Civil Code provides:

"The lessor may judicially dispossess the lessee for any of the following causes: * * *

"2. Default in payment of the price agreed upon."

No question is raised, and none properly could be, that under the terms of the lease and the provisions of section 1139 of the Code the rent was payable monthly at the domicile of the defendant in

San Juan at the expiration of each month, and the question is whether, under the circumstances presented in this case, the defendant can be said to be in default, and subject to being dispossessed of the leased property.

As before pointed out, the Supreme Court was of the opinion that the defendant was in default, although the rent was payable at its domicile in San Juan, and the plaintiff did not reside or appear there in person or by agent to receive payment at the time designated; that it was still necessary for the defendant, in order to perform its obligation under the lease and escape a default, to have made a "consignation" by depositing the money in court in accordance with section 1144 et seq. of the Civil Code. The Civil Code provides:

"Sec. 1144. If the creditor to whom the tender of payment has been made should refuse to accept it, without reason, the debtor shall remain released from all liability by the consignation of the thing due.

"The same effect shall be produced by the consignation alone when made in the absence of the creditor, or when the latter should be incapacitated to accept the payment when it is due, and when several persons claim to have a right to collect it, or when the instrument mentioning the obligation has been mislaid.

"Sec. 1145. In order that the consignation of the thing due may release the obligee, notice thereof must previously be given to the persons interested in the fulfillment of the obligation.

"Consignation shall have no effect when not strictly in accordance with the provisions governing payment.

"Sec. 1146. Consignation shall be made by depositing the things due at the disposal of the judicial authority before whom the tender shall be proven in a proper case and the notice of the consignation in other cases.

"After the consignation has been made the persons interested shall also be notified thereof."

If it be assumed that, under the civil law, a demand is not necessary to put the lessee in default, it does not follow that where the rent is payable at a given time and place, and the lessor is neither domiciled at that place nor present in person or by agent to receive payment on the appointed day, a lessee should be held in default and subject to be dispossessed of the leased property. The provision of the Code as to consignation or payment into court is not a part of the obligation of the lease, but is a mode provided by law by which the lessee may not only avoid the payment of interest or costs, should an action be thereafter brought against him for the rent, but also obtain a discharge from the obligation itself, while a tender would only relieve him from costs and interest.

As the rent in this case was payable at a given time and place, namely, on the expiration of each month at the domicile of the lessee, the obligation to make payment at the time and place was subject to the implied condition that the plaintiff, either in person or by agent, would be present to receive payment; and as payment could not be made in accordance with the terms of the lease because of the plaintiff's failure in this respect, the defendant cannot be held to have been in default.

The judgment of the Supreme Court of Porto Rico is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellant.