ALMODÓVAR ET AL., DEMANDANTES Y APELANTES, *v.* SANTA ISABEL SUGAR CO., DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre desahucio.

No. 2186.—Resuelto en junio 8, 1920.

ARRENDAMIENTO—DESAHUCIO—FALTA DE PAGO DEL CÁNON.—Habiendo demostrado la demandada que no obstante estar consignado en el contrato que el pago del arrendamiento se verificaría en el domicilio del arrendador, tal cláusula fué tácitamente modificada por las partes en el sentido de verificarse el pago en el domicilio del arrendatario; habiéndose demostrado además que la demandada hizo todo lo posible por satisfacer el precio en el sitio y fecha aceptados por las partes y no pudiendo verificarlo lo consignó en la corte a disposición de los interesados, y en atención a otras circunstancias que concurren y que se expresan en la opinión, se resolvió, que la corte inferior no cometió error al desestimar la demanda de desahucio presentada en este caso.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. L. Tormes y H. Tormes.*

Abogados de la apelada: *Sres. Parra & Pérez Marchand* y *J. Tous Soto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un caso de desahucio por falta de pago del canon del arrendamiento. Los demandantes, que forman todos la sucesión de José Florencio Almodovar, alegaron que son dueños de cierta finca rústica que su causante tenía arrendada a la demandada por término de quince años, que comenzó a correr en 1909, y precio de doce dólares por cuerda, anualmente, que debería pagarse por trimestres vencidos en el domicilio del arrendador. Y alegaron además, los demandantes, que el trimestre vencido el 19 de octubre de 1919 montante a $324 no les había sido pagado, por cuyo motivo pidieron a la corte que dictara sentencia decretando el desahucio de la demandada de la finca en cuestión.

Contestó la demandada alegando que la cláusula del contrato relativa al lugar del pago fué modificada por convenio tácito de las partes en el sentido de que el pago se haría en la oficina de la demandada a José Florencio Almodovar o a su hijo político Ramón Rodríguez Negrón y que esa fué la práctica invariablemente seguida durante muchos años; que Almodovar murió y la demandada no fué notificada del fallecimiento, ni de si el fallecido dejó o no testamento, ni del nombre y domicilio de sus herederos; que el 18 de octubre de 1919 era sábado y hallándose en la oficina de la demandada Rodríguez Negrón, representante de facto de la sucesión, se avino finalmente a recibir el precio del arrendamiento, pero se retiró de la oficina antes que pudiera entregársele el cheque; que la demandada entonces, el lunes 20 de octubre, envió por correo el cheque a la sucesión; que la sucesión se negó a recibirlo y la demandada consignó la cantidad en la corte de distrito a disposición de los herederos de Almodovar.

Fué el pleito a juicio y la corte dictó sentencia declarando

sin lugar la demanda. Los demandantes apelaron para ante esta Corte Suprema.

Hemos examinado cuidadosamente las alegaciones y las pruebas y a nuestro juicio debe confirmarse la sentencia recurrida.

No obstante haberse consignado en el contrato que el pago se verificaría en el domicilio del acreedor, esa cláusula pudo modificarse por convenio expreso o tácito de las partes. La prueba de la modificación en el sentido alegado por la demandada, es clara y abundante. La conclusión a que llegó la corte de distrito nos parece enteramente correcta.

La evidencia demostró además que Rodríguez Negrón, hijo político de Almodovar, recibió en repetidas ocasiones el precio del arrendamiento para entregarlo a Almodovar; que muerto Almodovar, la demandada pagó a Rodríguez Negrón para la sucesión Almodovar cierta bonificación que voluntariamente venía haciendo, al terminarse la zafra, sobre el precio del arrendamiento, en atención al alza del azúcar, y que esa actuación de Rodríguez fué aceptada por la sucesión; que la demandada intentó pagar también a Rodríguez el precio del trimestre del arrendamiento el sábado 18 de octubre de 1919 y no pudo hacerlo por haberse ido de la oficina en el momento en que se le iba a entregar el cheque; que el plazo trimestral vencía el 20 de octubre—el 19 fué domingo—y la demandada, según costumbre, esperó a que vinieran a solicitar el pago y que al cerciorarse de que no venían, envió el cheque por correo, en la tarde de ese mismo día, en sobre dirigido a la sucesión; que la sucesión se negó a recibir la carta y que entonces, el 24 de octubre, se consignó la cantidad en la corte de distrito.

Demostrados esos hechos, no es posible, sobre todo después de la jurisprudencia establecida por la Corte de Circuito de Boston, en el caso de la Central Vannina, de mayo 26, 1919, 259 Fed. R. 198, sostener que debe declararse termi-

nado el contrato de arrendamiento por haber sido violado por el arrendatario en la cláusula relativa al pago y en su consecuencia decretarse el desahucio del dicho arrendatario de la finca arrendada.

Atendidas las circunstancias concurrentes, la demandada en este caso hizo cuanto pudo y debió para pagar a tiempo el precio estipulado y fueron en verdad los demandantes los que demostraron con sus actos su deseo de terminar el contrato, en la esperanza seguramente de poder realizar otro más beneficioso para ellos.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.