CENTRAL PASTO VIEJO, INC., Plaintiff and Appellee, *v.* ARTURO APONTE, JR., and ROSALÍA R. FUENTES DE APONTE, Defendants and Appellants.

No. 3560. Argued May 10, 1925.—Decided July 28, 1925.

1. APPEAL—OBJECTION.—Objection that the denial of a certain averment in the complaint contained in the answer is not specific comes too late when made for the first time on appeal.

2. LANDLORD AND TENANT—LEASE—POSSESSION—PRESUMPTION.—Landlords who purchase leased premises and subsequently sell the same taking a new lease from their vendees do not ordinarily stipulate that they will remain in possession of the premises unless they are at the time in actual possession of the property, and the possession thus established is presumed to continue, at least during the life of the new lease until the contrary is shown.

District Court of Humacao, Pablo Berga, J.  Judgment sustaining the complaint as to defendant Arturo Aponte, with costs.  *Affirmed.*

*Arturo Aponte, Jr.,* for the appellants.  *F. González Fagundo* and *Henry G. Molina* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The complaint herein, after setting forth facts to show the legal status of the parties, and ownership by plaintiff of certain real estate, describing it, proceeds as follows:

''3.—That the plaintiff acquired the said property by purchase of the defendants herein under public deed of sale No. 83, executed before Carlos Travecier in Humacao on July 24, 1920, wherein it was agreed and stipulated:

" 'Second.—The parties declare that before the spouses Aponte acquired the property they now sell to the Central Pasto Viejo, Incorporated, they held the same under lease for a period terminating on September 30, 1921, with an option to renew for one year, wherefore the parties now agree that the vendors shall continue in possession of said property as lessees until September 30, 1922, at a rental of $500 per annum payable at the end of each year, it being understood that the lease shall begin to run from the first of the current month of July.'

"4.—That as a consequence of said agreement of lease the defendants were under obligation to pay the stipulated rental for the year that expired on June 30, 1922, namely, $500, as well as the three months comprised between July 1 and September 30, 1922, representing $125, they having occupied the property leased during the whole of that time.

"5.—That the defendants have not paid the plaintiff the said sum of $625 either in whole or in part."

A demurrer for want of facts sufficient to constitute a cause of action was overruled and defendants in an amended answer say:

"1.—That they admit the facts set out in the first, second and third paragraphs of the complaint.

"2.—That they deny the fourth paragraph of said complaint."

At the trial plaintiff proved nonpayment and rested.

Defendants inquired whether a certain fact, not material to any question involved in this appeal, would be admitted and, upon receiving an affirmative response from counsel for plaintiff, the case was submitted.

Appellant now says that—

"1.—The lower court erred in overruling the demurrer;

"2.—The judgment appealed from is contrary to the law and the evidence."

*Central Vannina* v. *López,* 259 Fed. 198, cited by appellant in support of the first assignment, does not, in express terms at least, establish the proposition that a pre-

vious demand is an indispensable prerequisite to the filing of a suit to recover unpaid instalments' of rent, and, in the absence of argument or further citation of authority, we are not prepared at this time to extend the doctrine of the *Vannina Case* to cover the contention of appellants herein.

[1] The second assignment is in part perhaps somewhat more serious.

We are inclined to agree with appellants that, in so far as the fourth averment of the complaint is concerned, an objection that the denial thereof contained in the answer is not specific comes too late when made for the first time on appeal. But it does not follow that the judgment must be reversed.

[2] The truth of the facts stated in the third paragraph of the complaint is expressly admitted by the answer. Even a specific denial of a mere conclusion of law does not neutralize the force and effect of that conclusion if sound. Lessees who purchase the leased premises and subsequently sell the same, taking a new lease from their vendee, do not ordinarily stipulate with the new landlord that they "will remain in possession" of the premises so sold and re-let unless such vendors and lessees are at the time in actual possession of the property. And the possession thus established is presumed to continue, at least during the life of the new lease, unless and until the contrary is made to appear. Section 102 of the Law of Evidence, Compiled Statutes, section 1470; *Fulladosa* v. *Castro,* 27 P.R.R. 644.

Nor is there anything in the brief for appellants to meet the apparently plausible suggestion of appellee that, under the contract referred to in the third averment of the complaint, lessees would be bound for the stipulated rental whether they continued in possession or abandoned the leased premises.

The judgment appealed from must be affirmed.