Amınta Marına Martínez, asistida de su esposo, José Mariano Romaguera, demandantes y apelantes, *v.* Central Coloso, Inc., demandada y apelada.

No. 4799.—*Sometido:* Mayo 21, 1929. *Resuelto:* Julio 26, 1929.

*López de Tord & Zayas Pizarro,* abogados de los apelantes; *García Méndez & García Méndez,* abogados de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se trata de un pleito de desahucio. Dueña la demandante de dos fincas las arrendó a la demandada por precio de cuatro mil quinientos dólares anuales, pagaderos por trimestres adelantados. Como causa del desahucio alegó que vencido el trimestre que debía pagarse el 1º de junio de 1928, la demandada dejó de satisfacerlo "no obstante las gestiones

de cobro que dicha demandante ha hecho cerca de la demandada.''

Celebróse la primera comparecencia. Fué el pleito a juicio en la segunda y la corte finalmente lo resolvió declarando la demanda sin lugar. De la relación del caso y opinión que la corte emitiera para fundar su sentencia, se transcribe lo que sigue:

''De la lectura de la escritura de arrendamiento resulta no existir pacto sobre el lugar o sitio del pago del canon, por lo que tal pago debía verificarse en el domicilio de la demandada, que es y era la ciudad de San Juan, según también resulta de la propia escritura y de las alegaciones de las partes, ya que en tales casos rige el artículo 1139 del Código Civil que dice:

'' 'El pago deberá ejecutarse en el lugar que hubiese designado la obligación. No habiéndose expresado y tratándose de entregar una cosa determinada, deberá hacerse el pago donde ésta existía en el momento de constituirse la obligación. En cualquier otro caso, el lugar del pago será el del domicilio del deudor.'

''Sin embargo, de acuerdo con lo alegado en la contestación, no solamente el pago se debía hacer en San Juan, sino que para efectuar el mismo se había convenido y era costumbre solicitar el pago previamente.

''La evidencia demuestra que después del primer año, que se efectuó por adelantado, todos los cánones hasta el correspondiente al trimestre de marzo a mayo de 1927 se efectuaron siempre a virtud de requerimiento de la demandante, excepción hecha del canon de septiembre a octubre de 1925, en relación con el cual no se presentó evidencia del requerimiento. En tales casos el requerimiento se efectuó siempre por carta, con excepción del trimestre de junio a agosto de 1925 que se hizo por telegrama; y con excepción del pago del trimestre de marzo a mayo de 1925 que se efectuó a la presentación de un giro a la orden del American Colonial Bank, todos los demás pagos se hicieron por *checks* contra el Banco Territorial y Agrícola de Puerto Rico, oficina de San Juan, expedidos en San Juan y con cargo a la Central Coloso, Inc., domiciliada en San Juan. El pago del de junio de 1927 a mayo de 1928 se hizo por anticipado, por convenio especial de las partes, y se efectuó con *checks* contra dicho Banco Territorial, oficina de San Juan, y expedidos en San Juan con cargo a la Central Coloso, Inc.

''La única gestión de la demandante para hacer efectivo el cobro

del canon de que se trata en esta acción, consistió, según declaró el Sr. Romaguera Roura (padre del esposo de la demandante) en una llamada por teléfono el 2 de junio de 1928 a don Rafael Martínez Domínguez; pero no estando éste, dice dicho Sr. Romaguera que habló con el Sr. Comas, sub-tesorero de la Central demandada a quien le pidió que remitiera dicho canon, lo cual no hizo, a pesar de haberlo prometido. Seis días más tarde, en junio 8 de 1928, se radicó la demanda de desahucio.

"La demandada acepta que el 2 de junio de 1928 llamó desde Ponce y por teléfono el Sr. Romaguera Roura y fué comunicado con el Sr. Comas, por estar ausente el Sr. Martínez Domínguez; pero sostiene que el Sr. Romaguera dijo que él se comunicaría directamente con el Sr. Martínez, sin que manifestara al Sr. Comas ni a nadie el propósito de su llamada. Declaró el Sr. Comas que él sólo actúa como sub-tesorero de la Central Coloso, Inc., en ausencia del Sr. Martínez Domínguez de la Isla de Puerto Rico, y se ofreció además evidencia de que este señor no estuvo ausente de la Isla durante todo el mes de mayo ni junio de 1928. Estos extremos fueron además corroborados con otra evidencia.

"También se ofreció evidencia, consistente en las declaraciones del Sr. Martínez Domínguez y del Sr. Arsenio Martínez (este último el que intervino en el contrato de arrendamiento como apoderado de la demandante), y ambos declararon que se había convenido en que los pagos de los cánones de arrendamiento los haría la demandada previo requerimiento, o personalmente en la oficina de la demandada en San Juan.

"Expuesta la relación de hechos que precede, la Corte estima que siendo el sitio del pago la ciudad de San Juan, era necesario que la demandante pidiera a la demandada el pago del canon de que se trata.

"Es de consignar que la Corte ha encontrado extraña esta forma inusitada en que se alega por la demandante haberse efectuado el último requerimiento de pago, especialmente en vísperas de la interposición del desahucio, teniendo en cuenta la costumbre preestablecida en cuanto a la forma para solicitarlo.

"La Corte ha encontrado que a pesar de estar obligada la arrendadora a recabar y recibir el pago de los arrendamientos en San Juan, por ministerio de la Ley, y a mayor abundamiento por lo convenido verbalmente por la arrendataria con el apoderado de la demandante, que estima la Corte como testigo de mayor excepción por su carácter de tal apoderado y autorizador del contrato, la forma en la práctica

de remitir la arrendataria los *checks* por el importe de los cánones desde su oficina de San Juan a Mayagüez, residencia de la arrendadora, determina además del cumplimiento de lo expresamente pactado, una comodidad para beneficio de la demandante-arrendadora, y mal podría levantar ésta sobre dicha ventaja una base de acción contra la demandada y arrendataria, como aquí se ha pretendido.

"El testimonio de los testigos de la demandada, demostrativos del convenio efectuado entre el Sr. Martínez Domínguez y el Sr. Arsenio Martínez, merece entero crédito a la Corte.

"De acuerdo con el contrato la obligación del pago debe cumplirse en el domicilio de la arrendataria, Central Coloso, Inc., en San Juan. La arrendataria tiene la obligación de pagar y si la arrendadora desea que se le pague puntualmente, sin inconveniente de ninguna clase, debe autorizar a una persona para que reciba a su nombre el pago en el domicilio de la corporación demandada; o ha podido en este caso solicitar el pago como era la costumbre y se había pactado, dando así una oportunidad a la demandada para efectuar el pago. Como esto no ha ocurrido, no puede decirse que la demandada haya faltado a la condición sobre el pago. Artículos 1139 y 1477 del Código Civil Revisado.

"Atendidos todos los hechos expuestos, no es posible, sobre todo después de la jurisprudencia establecida por la Corte de Circuito de Boston en el caso de la *Central Vannina,* 259 Fed. Rep. 196, revocatoria del caso de *López* v. *Vannina,* 26 D.P.R. 176, y después también del caso de *Almodóvar et al.* v. *Santa Isabel Sugar Co.,* 28 D. P.R. 591, sostener que debe declararse terminado el contrato de arrendamiento por haber sido violado por la arrendataria en la cláusula relativa al pago, y en su consecuencia decretarse el desahucio de dicha arrendataria de las fincas arrendadas."

No conforme la demandante apeló para ante este tribunal, señalando en su alegato la comisión de cinco errores.

■ El primero y el segundo se argumentan conjuntamente. Por el primero se sostiene que la corte erró al no permitir a la demandante enmendar su demanda "añadiendo a la alegación tercera, después de la palabra 'arrendamiento', lo siguiente: 'Y QUE POR CONVENIO ENTRE LAS PARTES Y COSTUMBRE ESTABLECIDA ENTRE DEMANDANTE Y DEMANDADA, SE FIJÓ LA CIUDAD DE MAYAGÜEZ, RESIDENCIA DE LA ARRENDADORA, COMO LUGAR Y SITIO PARA VERIFICAR EL PAGO DEL ARRENDAMIENTO

ESTIPULÁDO.' " Y por el segundo, que la corte erró al establecer que las partes en este caso no señalaron sitio para el pago del canon, y, que en tal caso, el pago debía hacerse en el domicilio del deudor.

A nuestro juicio la prueba fué bien apreciada por la corte de distrito.

Es un hecho que no se fijó en el contrato el lugar en que debía verificarse el pago del canon de arrendamiento. En tal virtud la corte aplicó debidamente la última disposición del artículo 1139 del Código Civil que dice: ''En cualquier otro caso, el lugar del pago será el del domicilio del deudor.''

■ Se sostiene que puede adicionarse el contrato a virtud de la costumbre seguida por las partes y que aquí la propia prueba de la demandada demostró que se fijó la ciudad de Mayagüez como el lugar del pago.

Es cierto que la jurisprudencia ha establecido que ''un uso o costumbre general o particular puede probarse a los efectos de variar el significado usual del lenguaje del contrato, o para insertar en él un término no expresado en el mismo'' (13 *Corpus Juris* 561), pero no estamos conformes con que la prueba aportada por el demandado tenga el alcance que pretende la apelante.

Para facilidad de la demandante y en el curso ordinario de los negocios de la demandada cuando ésta recibía el requerimiento de la demandante, le enviaba por correo a Mayagüez, en cheques expedidos en San Juan contra un banco de San Juan, el importe de los cánones de arrendamiento. De ese hecho no puede deducirse que a virtud de la costumbre quedara fijado Mayagüez como el lugar del pago de tal modo que irremediablemente viniera la demandada obligada a pagar allí su deuda. El lugar del pago de acuerdo con la ley siguió siendo San Juan, domicilio del deudor.

■ El tercer error es una repetición del segundo. Por el cuarto se sostiene que la corte erró al dar crédito y al fijar el alcance de las declaraciones de los testigos de la demandada Martínez Domínguez y Arsenio Martínez.

Las contradicciones que se observan en la declaración del primero son explicables y no son suficientes para desacreditar su testimonio en general y el alcance de ambas declaraciones fué bien fijado a nuestro juicio por la corte. Todo induce a creer que cuando el contrato fué celebrado existían las mejores relaciones entre las partes y ambas se inspiraban una mutua confianza.

Por el quinto y último error se levanta una cuestión que ha sido considerada por este tribunal con motivo de cierta moción sobre corrección de los autos, o sea que la corte erró al dictar sentencia sin que la demandada hubiera presentado en evidencia un ejemplar de los estatutos de la corporación demandada a fin de. determinar las atribuciones del subtesorero Señor Comas.

Como puede aceptarse que cualesquiera que fueran las atribuciones del Señor Comas, el llamado requerimiento por teléfono desde Ponce por el padre del esposo de la demandante en contra de la costumbre establecida no puede tener el efecto que pretende la apelante, el error carece de importancia.

De acuerdo con el contrato, la ley, la jurisprudencia y la costumbre establecida por las partes, el pago se verificaba en San Juan enviando el cheque por correo a Mayagüez en contestación usualmente a cartas de la demandante o de su esposo y la demandada estuvo justificada en esperar como esperó por un tiempo razonable que así sucedería en cuanto al trimestre que venció el 1°. de junio de 1928 y que dió origen a la demanda de desahucio de junio 3, 1928. La demandante no residía ni tenía agente autorizado en San Juan para recibir el pago ni pidió a la demandada en la forma usual que se lo enviara a su residencia de Mayagüez.

La existencia de este pleito se explica por lo que el propio abogado de la parte apelante admite en su alegato, esto es, que él creía que era la ley en esta jurisdicción la que fijó esta Corte Suprema en el caso de *López* v. *Central Vannina,* 26 D.P.R. 176 y 180, cuando era y es lo cierto que la sentencia

de esta corte fué revocada por la de la Corte de Circuito de Apelaciones del Primer Circuito de la Nación, reportada en 259 Fed. 198.

En *López* v. *Central Vannina, supra*, esta corte, con el disentimiento de su entonces Juez Presidente Sr. Hernández, había resuelto:

"Cuando en un contrato de arrendamiento no se fija expresamente el lugar donde se ha de verificar el pago de los cánones, debe concluirse, de acuerdo con el artículo 1139 del Código Civil, que el lugar del pago es el del domicilio del arrendatario. Tal conclusión no implica que el arrendatario no está obligado a pagar hasta que sea requerido por el arrendador. Su obligación es independiente y debe cumplirse sin necesidad de gestión de la otra parte contratante, recurriéndose si fuere necesario al medio de la consignación previsto y regulado por la ley."

Y revocando nuestra sentencia, la Corte de Circuito de Apelaciones decidió:

"La obligación impuesta por el Código Civil de Puerto Rico, artículo 1139, de que se satisfagan los cánones en el domicilio del arrendatario cuando no se hubiere designado el lugar del pago en el contrato de arrendamiento, está sujeta a la condición implícita de que el arrendador, bien en persona o por mandatario, se halle presente para recibir el pago; y cuando el arrendador o su mandatario no están presentes, el inquilino no tiene la obligación de consignar los cánones en la corte, según las disposiciones de los artículos 1144 et seq." *Central Vannina* v. *López*, 259 Fed. 198.

*Debe confirmarse la sentencia recurrida.*