**UNITED STATES of America, Plaintiff,**

v.

**Carlos Manuel Nevarez PEREZ, et al., Defendants.**

**Civ. No. 78–2065.**

United States District Court,
D. Puerto Rico.

Nov. 5, 1981.

Raymond L. Acosta, U. S. Atty., Hato Rey, P. R., for plaintiff.

Ubaldo Lugo Cruz, Río Piedras, P. R., for defendants.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This case is now before us on a motion for summary judgment filed by the United States representing the Small Business Administration (SBA). Codefendant Carlos Manuel Nevárez Pérez and his wife oppose the granting of the remedy requested.

The facts are succinctly stated in the Opinion and Order filed by the late Chief Judge José V. Toledo on November 2, 1979. For the purpose of this motion, it is sufficient for us to say that codefendant Carlos Manuel Nevárez Pérez and his wife and Arturo Díaz Ron and his wife executed an unconditional guaranty on SBA Form 148 on March 27, 1974 whereby they guaranteed punctual payment, whether by acceleration or otherwise, of the principal and interest and all other sums payable with respect to two loans obtained by Tri-County Sales Equipment Inc. (Tri-County). The guarantors were officers and principal stockholders of Tri-County. The two loans were in the amounts of $100,000 obtained from First National City Bank (First National) and $280,000 obtained from Banco Central y Economías (Banco de Economías). Aside from other guarantees, the $100,000 loan by First National was evidenced by a promissory note executed by the corporation and assigned to SBA pursuant to the guaranty agreement mentioned before. Payment of this note was further guaranteed by a second mortgage effecting a lien on the property of the principal stockholders as evidenced by Deed No. 9 of November 17, 1972 which is part of the record. The $280,000 loan was further secured by a factor's lien.

Chief Judge Toledo granted partial summary judgment awarding plaintiff payment of the outstanding amount evidenced by the note in favor of First National which, as stated before, had been assigned to SBA. Regarding the loan by Banco de Economías, also assigned to SBA, Judge Toledo was of the opinion that at that time the motion for

summary judgment was premature and denied it without prejudice.

Codefendant Carlos Manuel Nevárez Pérez and his wife requested relief from the judgment against them but this was denied in our Order of February 11, 1981.

Now the record shows and it is not in controversy, that Tri-County obtained two loans,[1] one from First National in the amount of $100,000 and the other from Banco de Economías in the amount of $280,-000; that codefendant Carlos Manuel Nevárez Pérez and his wife and Arturo Díaz Ron and his wife were officers and principal stockholders of Tri-County; that all of them guaranteed payment of both loans in their personal capacities on SBA Form 148; that the $100,000 loan was further guaranteed by a personal mortgage effecting a lien on the property of Carlos Manuel Nevárez Pérez and his wife; that the $280,000 loan of Banco de Economías was further guaranteed by a factor's lien; that Tri-County defaulted on the loans, filed under the Bankruptcy Act and was adjudged a bankrupt; that SBA benefited from the sale of the assets of the bankrupt, receiving the amount of $119,000, which was applied as partial satisfaction of the debt owed SBA on the loan of Banco de Economías; that certain amounts still remain unpaid regarding both principal and interest; that the SBA has tried to collect from the guarantors and they have refused to pay. Following its unsuccessful effort to collect from the guarantors, the SBA filed this action.

Our attention has not been called to, and our limited research has not found, any cases in our Circuit deciding the point as to whether federal or state law should apply in interpreting guaranty agreements in SBA Form 148.[2] In this case the point is not overly important because the parties have not even addressed the same and more significantly, because we feel that whatever law we apply, the result will be the same.

The guaranty agreement signed by the guarantors, which is under oath, includes a statement to the effect that in order to induce the banks to make the loans to Tri-County, they unconditionally guarantee the lender, its successors and assigns the punctual payments when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal and interest of all sums payable.

The main objection by the guarantors against the summary judgment requested is that Banco de Economías accelerated its loan at a time when Tri-County was not in arrears, since the monthly installments had been timely made as per the terms of the contract. It is then alleged that in so doing Banco de Economías caused certain damages to Tri-County.

■ A guaranty is defined as a promise to answer for the debt, default or miscarriage of another. *Ted Spangenberg Co. v. Peoples Natural Gas*, 305 F.Supp. 1129 (S.D. Iowa 1969). With the above in mind, it can be said that the guarantors' contention confronts serious difficulties and cannot prevail.

■ First, there is a clause in the Guaranty Agreement, SBA Form 148, signed by all guarantors, to the effect that the guarantors grant to lender full power to:

"(a) *To modify or otherwise change any terms of all or any part of the liabilities* or the rate of interest thereon (but not to increase the principal amount of the note of the Debtor to Lender), to grant any extension or renewal thereof and any other indulgence with respect thereto;" (emphasis added)

Under said agreement, and particularly under this clause, obligations of the guarantors should not be released, discharged or in any way affected by reason of any action that the lender might take under its powers which include the power to alter the terms of the "liabilities" as defined therein. Under a reasonable interpretation of this

---

1. See Civil Code of Puerto Rico, Article 1631, 31 LPRA 4511 Article 1644, 31 LPRA 4571.

2. See *U. S. v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 115 L.Ed.2d 404 (1966); *U. S. v. Lowell*, 557 F.2d 70 (6th Cir. 1977).

clause, it cannot be stated that the acceleration by the lender when debtor was not actually in arrears is outside the scope of the powers granted by the guarantors. Such acceleration, therefore, cannot constitute a release or discharge of the guarantors. See generally *U. S. v. Beardslee*, 562 F.2d 1016 (6th Cir. 1977) *cert. denied* 439 U.S. 832, 99 S.Ct. 113, 58 L.Ed.2d 128; *U. S. v. Porter*, 581 F.2d 698 (8th Cir. 1978); *Black v. O'Haver*, 567 F.2d 361 (10th Cir. 1977) *cert. denied*, 435 U.S. 969, 98 S.Ct. 1609, 56 L.Ed.2d 61; *Nation Wide Inc. v. Scullin*, 256 F.Supp. 929 (D.N.J.1966), affirmed 377 F.2d 554 (3rd Cir. 1967).

Second, the record shows that Tri-County obtained the $280,000 loan from Banco de Economías on March 27, 1974 and that same day the total amount was disbursed by the Bank to Tri-County. According to the terms of the contract, the loan had to be paid within five (5) years. More than five years have elapsed and the loan has not been paid.

Third, on January 10, 1975, Tri-County filed under the Bankruptcy Act and was discharged as a bankrupt sometime thereafter. A clause in the Note guaranteed by codefendants states that the indebtedness shall immediately become due and payable without notice or demand upon the filing by debtor of a petition under the Bankruptcy Act or the appointment of a receiver or liquidator. In these circumstances, SBA had a clear right to proceed against the guarantors.

■ Fourth, under the law of Puerto Rico a bilateral obligation assumed by each one of the parties to the contract has, as its consideration, the promise offered in exchange. It is called mutual consideration.[3] In the present case the obligations are clear. The lender was to disburse to Tri-County the amount of $280,000. In exchange Tri-County was to pay when due, by acceleration or otherwise, the amount received plus

interest. Codefendants guaranteed this performance. The lender fulfilled its obligation and disbursed the money. Tri-County received the money, used it for its own benefit, but did not repay it. The guarantors have also refused to pay.

Regarding the monthly installment clause, upon which codefendants rely so strongly, it can be said that the same is secondary or subsidiary to the principal and mutual obligation contracted by the parties, and guaranteed by codefendants. The possible breach of this clause by the lender, without more, cannot produce the extraordinary result of forever releasing and discharging Tri-County and the guarantors from their obligations under the contract. See Note 3, *supra.* They could have consigned in court, after following the proper procedure (Civil Code of Puerto Rico, Article 1130 *et seq.*, 31 LPRA 3180, *et seq.*) the other monthly installments as they became due, in accordance with their contention, while the controversy of the alleged premature acceleration by the lender was resolved by mutual agreement or by other court proceedings. Cf. *Central Vannina v. López*, 259 F. 198 (1st Cir. 1919); *Piñero v. Díaz*, 49 P.R.R. 614 (1936). This they failed to do.

■ Fifth, the right of Tri-County to recover damages due to the alleged premature acceleration. is precisely the issue in case 80–1120 before Judge Cerezo of this court.[4] As to that issue, of course, we express no opinion. But the possible right of Tri-County to recover damages does not extend to the guarantors or stockholders. Indeed, the state court judge who was in charge of that case prior to its removal to this court dismissed the claims of the guarantors on the strength of *Mullins v. First National Exchange Bank of Virginia*, 275 F.Supp. 712 (S.D.Va.1967). *Mullins* established that "(t)he fact that plaintiffs are guarantors on the note executed by the corporation will not suffice to create a personal right of action independent of the

---

3. *Del Toro v. Blasini*, 96 P.R.R. 662 (1968); *Municipality v. Vidal*, 65 P.R.R. (1945).

4. It should be noted that contrary to the contention of the guarantors who are requesting

the total release and discharge of their obligation to pay in accordance with the guaranty agreement, Tri-County is only requesting the actual damages suffered by it.

harm suffered by the corporation." By the same token, the existence of that issue for the benefit of Tri-County cannot operate as a total release of the guarantors from their obligations as such.

Considering all the above, we conclude that plaintiff has satisfied its burden of demonstrating that there is no genuine issue as to any material fact in accordance with Rule 56(c) of the Federal Rules of Civil Procedure and it is therefore, entitled to judgment as a matter of law. Wright & Miller, § 2727, p. 524, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598; 26 L.Ed.2d 142 (1970); *Mack v. Cape Elizabeth School Board*, 553 F.2d 720 (1st Cir. 1977).

WHEREFORE, in view of the foregoing, it is ordered that summary judgment be and is hereby granted in favor of plaintiff regarding all unpaid amounts evidenced by the Note granted in favor of Banco de Economías and subsequently assigned to SBA, plus interests therein agreed upon.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.