ANSTEAD, Judge,
dissenting:
The question is whether a guarantor remains liable on the debt when a satisfaction of judgment has been filed.
Generally, a satisfaction of a judgment against one of several persons jointly and severally liable discharges the liability of others. Weaver v. Stone, 212 So.2d 80 (Fla. 4th DCA 1968). In addition, there is case law that a release of debtor has the same effect as a satisfaction, Movielab, Inc. v. Davis, 217 So.2d 890 (Fla. 3d DCA 1969). Nevertheless, where the principal debtor has not made complete payment, but the effect of the creditor’s act is to release him, the guarantor is also discharged, unless the guarantee’s right of recourse against the guarantor is expressly reserved in the guaranty contract. §§ 673.603 and 673.606, Fla.Stat. (1981).
A reading of the language contained in the guaranty agreement here indicates that the guaranty is absolute and that the guarantor is liable even if the debtor is discharged from liability. It provides:
Guarantor consents that without the necessity for any additional endorsement or guarantee of said Obligations or any *85 reservation of rights against Guarantor and without notice to or further assent by Guarantor, the liability of Borrower or of any co-guarantor or of any other party for or upon any of said Obligations may, from time to time, in whole or in part, be renewed, extended, modified, prema-tured, compromised or released by Bank, as it may deem advisable, and that any collateral or liens for any of said Obligations may, from time to time, in whole or in part, be exchanged, sold or surrendered by Bank, as it may deem advisable, all without impairing, abridging, affecting, diminishing or releasing the liability of Guarantor hereunder. Bank shall not be liable for failure to collect or demand payment of or protest or give any notice of nonpayment of said collateral security, or any part thereof, or for any delay in so doing, nor shall Bank be under any obligation to take any action whatever in regard to said collateral security or any part thereof. Any stocks, bonds or other securities held by Bank as part of said collateral security may, whether or not a default exists, be registered and held in the name of Bank or its nominee and Bank or said nominee may exercise all voting and corporate rights as if the absolute owner thereof, including the right to exchange, at its discretion, any and all such securities or other property upon the reorganization, recapitalization or other readjustment of any corporation and in connection with such reorganization, recapitalization, or other readjustment to deposit any and all of said securities with any committee or depositary upon such terms and conditions as it may determine, all without notice and without liability except to account for property actually received by it.
Other courts have construed a guaranty provision similar to this one as being absolute and an unconditional waiver of the defense of discharge of the principal obligor. Duke v. Reconstruction Finance Gorp., 209 F.2d 204 (4th Cir.1954); United States v. Houff, 202 F.Supp. 471 (W.D.Va.1962); United States v. Perez, 528 F.Supp. 206, 208 (D.P.R.1981). For example, in United States v. Beardslee, 562 F.2d 1016 (6th Cir. 1977), cert. denied, 439 U.S. 833, 99 S.Ct. 113, 58 L.Ed.2d 128 (1977), the creditor entered in a settlement agreement with the debtor, which stated “FULLY PAID, SATISFIED & DISCHARGED.” The creditor then sought payment directly from the guarantor for the balance of the promissory notes. Under a provision in the guarantee agreement similar to the one involved herein, the guarantors were held liable despite the discharge of the debtor.
Following the reasoning of these cases, the guarantor here was not released from liability because of the settlement reached with the debtor. I also believe that the guarantor has an. implied right to reimbursement or indemnity from the debtor for the sum paid under the guarantee. See §§ 46.011 and 46.041, Fla.Stat. (1981); 38 C.J.S. Guaranty § 111.