# United States Court of Appeals
## For the First Circuit

No. 16-2156

CARIBBEAN SEASIDE HEIGHTS PROPERTIES, INC.,

Plaintiff, Appellant,

v.

ERIKON LLC,

Defendant, Appellee,

KOENIGER DEVELOPMENT, INC.; ERICK KOENIGER, in his personal capacity,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Lynch, Thompson, and Barron,
Circuit Judges.

Julián Rivera-Aspinall and Fernando L. Gallardo on brief for appellant.

Iván Aponte-González, Héctor J. Quiñones Inserni, García, Aponte & Quiñones, Tomás A. Román-Santos, and Román Santos, LLC on brief for appellee.

August 8, 2017

**LYNCH**, **Circuit Judge**.  Caribbean Seaside Heights Properties, Inc. ("Seaside") appeals the district court's determination on summary judgment that, under Puerto Rico law, Seaside's suit for breach of contract against its former investment partner Erikon LLC is barred by a release that Seaside had earlier executed in Erikon's favor.  The court made this determination in two separate unpublished opinions in which it rejected Seaside's arguments that (1) the release does not cover the instant suit and (2) the release is void for lack of consideration.[1]  Seaside argues those rulings were erroneous and additionally argues there were disputes of material fact, which precluded entry of summary judgment on the basis of the release.  We disagree with Seaside and affirm.

I.

We rely on the district court's two thorough opinions for a full recounting of the case and summarize here only the

---

[1]  As the district court explained, under Puerto Rico law, all contracts must be supported by "causa," P.R. Laws Ann. tit. 31, § 3391, which is translated in parts of the English version of the Puerto Rico Civil Code as "consideration," see, e.g., id. §§ 3431, 3434.  See, e.g., Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 954 F. Supp. 438, 448 n.13 (D.P.R. 1996).  While the civil law concept of "causa" that applies in Puerto Rico differs somewhat from the common law concept of "consideration," like the district court, we use the English term "consideration" in our opinion.  See, e.g., U.S. Fid. & Guar. Co. v. Maldonado-Lopez, No. 11-1179 (SEC), 2012 WL 262730, at *4 n.3 (D.P.R. Jan. 30, 2012).

- 3 -

essential background facts.  See United States ex rel. Booker v. Pfizer, Inc., 847 F.3d 52, 55 (1st Cir. 2017).

In 1998, Seaside and Erikon became co-investors in a real estate project known as the Christopher Columbus Landing Project in Aguadilla, Puerto Rico ("the Project"), as evidenced in a public deed, which provided that "all expenses incurred" in connection with the Project would be "distributed equally" between the two parties.  In 2006, the parties executed a private agreement with Caribbean Management Group, Inc. ("Caribbean") to sell the Project to Caribbean.  As part of that agreement, Seaside and Erikon each agreed to execute releases in favor of Caribbean and in favor of each other.  Accordingly, in December 2006, Seaside and its sole stockholder executed a release in favor of Erikon, which provided as follows:

> [Seaside] hereby remises, waives, releases and forever discharges . . . [Erikon] of and from any and all claims, actions, charges, suits, debts, liabilities, contracts, agreements and promises, of any kind or nature whatsoever, which [Seaside] may have or assert against [Erikon] . . . arising out of or relating to [the Project]; Furthermore, [Seaside] further promise[s] never to institute any claim, action, charge or suit, of any kind or nature whatsoever, against [Erikon] which arises from or relates to [the Project] or any other event or action which occurred before or after the date of execution of this Release . . . .

More than six years later, on February 5, 2013, Seaside for the first time issued to Erikon a collection notice demanding

- 4 -

reimbursement for expenses Seaside had purportedly incurred in connection with the Project. After Erikon refused to pay, Seaside initiated this diversity suit on May 20, 2013, alleging that Erikon had breached the terms of the 1998 public deed, and claiming that Erikon owed it more than $3 million.

On January 14, 2015, Seaside moved for summary judgment, arguing that "there is no genuine issue of material fact as to Erikon's obligation [under the 1998 deed] to pay 50% of the expenses incurred in developing the Project." In turn, Erikon filed a cross-motion for summary judgment, asserting that Seaside had released its claim in the 2006 release. In response, Seaside argued that (1) the release was not intended to cover, nor could it cover, the claims made in the instant suit because such claims allegedly did not exist at the time the release was executed; and (2) the release, which was executed pursuant to the 2006 agreement, is, in any event, void for lack of consideration because Erikon never fulfilled its obligation under that agreement to execute a release in favor of Seaside.[2]

_____

[2] Erikon argues that the release it executed in favor of "[Caribbean] and each of its existing, former and future . . . agents and affiliates" should be construed as satisfying Erikon's obligation to execute a release in favor of Seaside, "considering that Seaside is still involved in the development of the Project as a partner to Caribbean." The district court deemed that argument irrelevant to its judgment, and we need not address it to resolve this appeal.

In an opinion dated September 30, 2015, the district court held that the release, if valid, would bar the instant suit. First, the court rejected Seaside's argument that the release was not "intended" to excuse Erikon from its obligation under the 1998 deed to share Project-related expenses. The court noted that, under Puerto Rico law, "[i]f the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." P.R. Laws Ann. tit. 31, § 3471; see also Exec. Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 69 (1st Cir. 1995). It then observed that the release, which waives all "claims, debts, contracts, and suits related to [the Project]," clearly and unambiguously covers this suit "to collect a debt arising from a contract whose object is precisely [the Project]."

Second, the court rejected Seaside's argument that Seaside did not have a "cause of action" against Erikon that it could have waived at the time it executed the release in 2006 because Erikon had not yet refused its 2013 demand for payment. The court explained that Seaside knew in 2006 that it had a contractual right to collect a debt from Erikon related to the Project, which it had simply chosen not to enforce. That, the court reasoned, was precisely the sort of claim that Seaside had agreed to waive in the release. And in any event, as the court pointed out, the release explicitly covers suits arising from

- 6 -

"event[s] or action[s]" related to the Project that "occur[]
. . . after the date of execution of th[e] Release."

As to Seaside's second argument -- that the release is
void for lack of consideration -- the court reserved in its first
opinion its decision pending its receipt of supplemental briefing,
as neither party had adequately briefed the issue as a matter of
"<u>Puerto Rico contract law</u>."

After receiving the parties' supplemental briefs, in an
opinion dated July 28, 2016, the district court held the release
valid and enforceable.  First, the court found that the 2006
agreement, even viewed narrowly, "contained sufficient
consideration" to support the release under Puerto Rico law, which
presumes the existence of sufficient consideration.  <u>See</u> P.R. Laws
Ann. tit. 31, § 3434.  The Puerto Rico Civil Code makes clear that
"the prestation or promise of a thing or service[]" constitutes
"consideration," <u>id.</u> § 3431, and the Supreme Court of Puerto Rico
has long held that "consideration" includes any licit "benefit[]
which one party . . . obligates himself to confer upon" the other,
<u>Adria Int'l Grp., Inc.</u> v. <u>Ferré Dev., Inc.</u>, 241 F.3d 103, 107 (1st
Cir. 2001) (quoting <u>Guerra</u> v. <u>Treasurer</u>, 8 P.R. 280 (1905)).

As the district court explained, in the portion of the
2006 agreement addressing releases, Seaside and Erikon assumed
reciprocal obligations of the type that "ha[ve], as [their]
consideration, the <u>promise</u> offered in exchange."  <u>Id.</u> at 107

- 7 -

(emphasis added) (quoting <u>United States</u> v. <u>Pérez</u>, 528 F. Supp. 206, 209 (D.P.R. 1981)).  "[T]here is no question," the court concluded, "that the parties' mutual promise to execute a release in favor of the other constitute[d] valid and sufficient consideration" under Puerto Rico law.[3]

In addition, the court pointed out that, even if Erikon's promise did not provide sufficient consideration, there were numerous other benefits conferred on Seaside by Erikon and Caribbean pursuant to the 2006 agreement that could independently qualify as consideration for Seaside's release.  These included Caribbean's payment of $11.5 million for Seaside's interest in the Project and Erikon's payment of hundreds of thousands of dollars in "legal fees associated with the Project."  Thus, the court found

---

[3]    The district court recognized that Seaside's argument "confuses a void contract with a breached one." <u>Adria Int'l Grp.</u>, 241 F.3d at 108 n.2.  While a party's failure to <u>tender</u> an agreed-upon consideration may give rise to a claim for breach of contract, it does not void the underlying agreement that the consideration supported.  <u>Id.</u>; <u>see also</u> <u>Rivera Esparra</u> v. <u>Merheb</u>, No. B2CI200401302, 2010 WL 2885654, at *2 (T.C.A. Apr. 21, 2010) (noting that under Puerto Rico law, the existence vel non of consideration is determined at the time a contract is perfected, not at the time it is performed).

Seaside did assert for the first time in its supplemental brief to the district court that Erikon had breached its obligation to an extent warranting rescission under P.R. Laws Ann. tit. 31, § 3052.  But the court rejected that argument as waived and, in any event, meritless under the Supreme Court of Puerto Rico's decision in <u>Ramírez</u> v. <u>Club Cala de Palmas</u>, 23 P.R. Offic. Trans. 311 (1989).  Seaside does not appeal that ruling.  It challenges the validity of the release solely for lack of consideration.

that Seaside "failed to shoulder its burden of proving [a] lack of consideration."  Cf. P.R. Laws Ann. tit. 31, § 3434.

Having found the release both valid and applicable, the court dismissed the suit with prejudice.

## II.

On de novo review, we agree that the release executed by Seaside provides Erikon with a defense against this action, substantially for the reasons articulated by the district court in its two thorough opinions.[4]  Without adopting those opinions, we summarily affirm.  See 1st Cir. R. 27.0(c).

So ordered.

---

[4]    Seaside's argument that "the issue of the validity of the [r]elease is a genuine issue of material fact" precluding summary judgment is easily dispatched.  Seaside fails to direct our attention to any disputed fact material to the outcome correctly reached by the district court, and we find none ourselves.