**In the Matter of BETHLEHEM CONCRETE CORP., Bankrupt.**
**No. 29710.**

United States District Court
E. D. Pennsylvania.
Nov. 19, 1969.

William G. Malkames, Allentown, Pa., and Paul J. Donnelly, Philadelphia, Pa., for Firemen's Fund.

Allen E. Cobb, for Internal Revenue Service.

George Weitzman, Easton, for Trustee.

James B. McGiffert, Easton, Pa., for Conduit Concrete Foundation, Inc. and Maryland Casualty Co.

James N. Diefenderfer, Allentown, Pa., for Joseph J. Biafore.

1. Additionally, same was filed with the Recorder of Deeds in and for Northampton County, Pennsylvania. Admittedly such filing had no legal effect in the circumstances here existing.

2. Significantly, the legislature consciously selected *dual* filing as opposed to *central* filing only so that the local creditor in

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Petitioner seeks a review of an order of the Bankruptcy Referee invalidating its security interest in certain accounts receivable. Petitioner as the secured party and the bankrupt as debtor executed a Financing Statement in which the debtor listed its address as "705 Jennings Street, Bethlehem, Pennsylvania". Said Financing Statement was filed centrally with the Secretary of the Commonwealth of Pennsylvania.[1]

Petitioner concedes that its rights are governed and determined by the provisions of Section 9–401(1) (c) of the Uniform Commercial Code as adopted by the Commonwealth of Pennsylvania, which provides:

(1) The proper place to file in order to perfect a security interest is as follows:

\* \* \* \* \* \*

(c) in all other cases, in the office of the Secretary of the Commonwealth and in addition, if the debtor has a place of business in only one county of this state, also in the office of the prothonotary of such county, \* \* \*.

[12A P.S. § 9–401(1) (c)]

Thus, central filing in the office of the Secretary of the Commonwealth *and* local filing in the prothonotary's office is required in those instances where the debtor has a place of business in only *one* county.[2] The Referee has found and concluded that the bankrupt had a "place of business" in only one county, namely, at 705 Jennings Street, Bethlehem, Northampton County, Pennsylvania, and that petitioner's security interest was invalidated by its failure to have filed

the case of a one-county place of business need only check the local records and need not check the more distant records in the office of the Secretary of the Commonwealth. (See 12A P.S. § 9–401, and the Pennsylvania Bar Association notes and the Uniform Commercial Code comments which follow.)

in the prothonotary's office of Northampton County. On the contrary, petitioner contends that the bankrupt maintained at least two other "places of business" at two different locations not confined to Northampton County and that central filing in the office of the Secretary of the Commonwealth was sufficient.

Said locations consisted of a job site in Montgomery County and a job site in Lehigh County. At each the bankrupt engaged in its work of pouring and placing concrete. The work performed in each instance was temporary ending with the completion of the project in question. At each a temporary facility was maintained on the premises, consisting of a job "shanty" in one instance and a job "trailer" in the other. Bankrupt was required by Union contract to maintain such facilities on the job and same were used by both management and Union employees.

The record details the use to which such "shanty" and "trailer" were put during the course of each job. It is evident that same were designed to move from job to job, were in no sense of the word permanent and except for the purposes of this litigation were not considered a "place of business" as that term is commercially and ordinarily used. Temporary, migratory and transitory facilities cannot properly be considered as constituting a "place of business" unless the statute clearly so indicates. The statute does not so indicate. On the contrary, to here hold that central filing only is sufficient would defeat the legislative purpose in adopting the language now incorporated in Section 401(1) (c) of the Code and rejecting the alternative language available to the legislature.[3] Pennsylvania has deliberately rejected exclusive central filing as sufficient under these circumstances and we are bound to give effect to the clear legislative purpose and intent so evident from the language of the Act.

Absent a statutory definition of the term "place of business" and absent a case directly on point, the petitioner understandably relies upon wholly dissimilar cases involving venue and service. They are not authority for the proposition that central filing alone is here sufficient. Where a debtor has a place of business in but one county dual filing is mandatory.

Therefore, we will affirm the Referee's order and dismiss the petition to review. To the petitioner the result may seem harsh, but harsh results are "not unusual in Uniform Commercial Code cases". In Matter of Dennis Mitchell Industries, Inc., 3rd Circuit, filed June 19, 1969. Here, however, the petitioner was clearly aware of debtor's "place of business" in Northampton County because written instruments recorded and filed by it clearly referred to the Northampton County address of the bankrupt's permanent office and place of business. Upon the petitioner rested the rather mild burden of also filing in the office of the prothonotary of Northampton County.