Girard Trust Bank *v.* O'Neill et al., Appellants.

364

Argued June 14, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Joseph G. Manta,* with him *James M. Marsh,* and *LaBrum and Doak,* for appellants.

*Michael O'S. Floyd,* with him *Jack B. Justice,* and *Drinker, Biddle & Reath,* for appellee.

OPINION BY HOFFMAN, J., September 21, 1971:

This case concerns appellee's Girard Bank and Trust Company (Girard) attempt to recover on surety agreements executed in 1958 by each of the appellants. These agreements in relevant part provided that appellants become " 'surety' to (Girard) for . . . all liabilities . . ., now or hereafter contracted or acquired by (their family corporation, Soap Specialties, Inc.)."

In 1968, Soap Specialties filed a voluntary petition in bankruptcy. Subsequently, Girard, pursuant to its own creditor's petition received for collection the company's accounts receivable. Girard wrote off a substantial portion of these accounts as being uncollectible and then asserting the surety agreements sued appellants. Summary judgment in this action was entered for Girard. This appeal followed.

Appellants argue that the lower court incorrectly ruled that they could not challenge Girard's exercise of reasonable diligence and care in the collection of the assigned accounts receivable.

The lower court found that "according to the terms of the Suretyship Agreements, defendants authorized Bank to exchange or surrender any property pledged by Soap, renew or change the terms of any of Soap's liabilities, or waive any of its rights or remedies against Soap. By these provisions, Bank was authorized to surrender completely its lien upon Soap's accounts receivable. Therefore, assuming arguendo that Bank was negligent in collecting Soap's accounts receivable, defendants cannot now complain thereof."

In support of its position the lower court relied upon *Continental Leasing Corp. v. Lebo*, 217 Pa. Superior Ct. 356, 272 A. 2d 193 (1970). In *Continental* the creditor brought suit against sureties after the debtor became bankrupt. The sureties defended on the basis that the creditor had impaired its security by failing to perfect certain security interests pursuant to the

Uniform Commercial Code. The lower court relying upon Section 132 of the *Restatement of the Law of Security*[1] permitted this defense notwithstanding that the surety agreement provided that the sureties' liability shall not be reduced by any releases of security.

On appeal, we recognized the general applicability of Section 132 of the *Restatement.* We found, however, that the surety failed to protect himself as he did not request the creditor to perfect the security interest, the effect of which would have been to release the surety of the ultimate liability. Section 132 of the *Restatement,* therefore, was found not to apply.

Similarly in *Joe Heaston Tractor & Implement Company v. Securities Acceptance Corporation,* 243 F. 2d 196 (10th Cir. 1957) and *Nation Wide, Inc. v. Scullin,* 256 F. Supp. 929 (D.N.J. 1966) which are both cited in *Continental* the sureties were held liable after the creditor had failed to perfect security interests pursuant to the Uniform Commercial Code. In *Nation Wide* the court in rejecting the claim of the surety that the creditor had wasted the assets of the debtor stated "it overlooks the fact that defendants, as well as plaintiff, had a substantial interest in protection of the security, as against third parties, in light of their guaranty. They, as well as plaintiff, could have seen to the filing under the (Uniform Commercial) Code." 256 F. Supp. at 934. The same was true in *Joe Heaston* despite conclusory language therein concerning "unconditional guaranty."

---

[1] Section 132 of the *Restatement* provides:

"SURRENDER OR IMPAIRMENT OF SECURITY BY CREDITOR

"Where the creditor has security from the principal and knows of the surety's obligation, the surety's obligation is reduced pro tanto if the creditor (a) surrenders or releases the security, or (b) wilfully or negligently harms it, or (c) fails to take reasonable action to preserve its value at a time when the surety does not have an opportunity to take such action."

In the instant case, however, once Girard took control of the accounts receivable, the sureties had no way of ensuring that such accounts would be collected in a reasonable and nonnegligent manner. Girard, by accepting the accounts receivable held security for the principal debtor and had the duty to preserve it for the benefit of the sureties. If Girard wasted this security then the obligation of the sureties should be reduced to the extent that they were injured. *First National Bank & Trust Co. of Ford City v. Stolar,* 130 Pa. Superior Ct. 480, 197 A. 499 (1938) and *Robbins v. Robinson,* 176 Pa. 341, 35 A. 337 (1896). See also cases cited in 35 P.L.E. *Suretyship,* Section 80.

The case is remanded for a trial to be limited to the issue of whether Girard was negligent in its collection of the assigned accounts receivable.

WATKINS and MONTGOMERY, JJ., dissent.