OPINION OF THE COURT
Edward J. Greenfield, J.
This is a motion for summary judgment in lieu of complaint based on defendant’s guarantee of certain promissory notes made by D & N Jewelry Sales, Inc. The notes were nonnegotiable and expressly subject to the terms of an agreement dated March 17, 1975, which gave plaintiff a security interest in all accounts, contract rights, instruments, chattel paper, equipment and inventory of the debtor, D & N Jewelry Sales, Inc.
Had the plaintiff perfected its security interest, defendant would have been subrogated to plaintiffs rights against the collateral in the event he was caused to pay out his guarantee.
It is defendant’s position that plaintiffs failure to file a financing statement is tantamount to a release of the collateral and accordingly discharges defendant on his guarantee.
Thus, the issue before the court is whether the failure to file *963 a financing statement can be considered either an unjustifiable impairment or a release of the collateral.
The court has found no reported case where a person who has an interest in the transaction can avail himself of this defense where there has been a failure to file a financing statement.
In the case at bar, we have an unconditional guarantee made by the president and sole stockholder of the debtor and the defense asserted is not available. (Nation Wide v Scullin, 256 F Supp 929, affd 377 F2d 554.) Defendant’s argument overlooks the fact that he, as well as plaintiff, had a substantial interest in protecting the security as against third parties in light of his guarantee. Defendant, as well as plaintiff, could have seen to the filing under the code. (Nation Wide v Scullin, supra, p 934.)
Numerous cases have followed the reasoning of Scullin, e.g., Fireman’s Fund Ins. Co. v Joseph J. Biafore, Inc. (385 F Supp 616, affd 526 F2d 170) and Ammerman. v Miller (488 F 2d 1285).
Defendant’s reliance on Indianapolis Morris Plan Corp. v Karlen (28 NY2d 30) is misplaced. The case deals with a release of collateral. That a release without consent may discharge an obligor or a surety does not mean that a failiure to file a financing statement is a discharge.
In Security Nat. Bank of Long Is. v Temarantz (6 UCC Rep Serv 157, Supreme Ct., Nassau County) which appears to be the only reported decision in this State relevant to the issue before the court, a secured party who had failed to perfect its security interest moved for summary judgment against the comaker of the note, who claimed he was discharged based on plaintiff’s release of the security. The court noted (p 159) that the defense was meritorious only if "defendant was actually an accommodation party; the plaintiff had knowledge thereof and unjustifiably impaired the security”. Summary judgment was denied because these facts were not determined.
In the case at bar, the court finds that the defense is not available as defendant, who signed the unconditional guarantee, was the president and sole stockholder of the debtor, himself had a substantial interest in protection of the security as against third parties and, he, as well as plaintiff, could have seen to or insisted on timely filing under the code.
Accordingly, the motion for summary judgment is granted.