In re **MID–MISSOURI ENERGY CORPORATION, Debtor.**

The **BUDD LEASING CORPORATION, Plaintiff,**

v.

**MID–MISSOURI ENERGY CORPORATION, Defendant.**

Bankruptcy No. 83–01451–C–11.
Adv. No. 83–0947–C–11.

United States Bankruptcy Court,
W.D. Missouri, C.D.

Oct. 20, 1983.

Irvin V. Belzer, Smith, Gill, Fisher & Butts, Kansas City, Mo., for plaintiff.

Arthur Federman, Kansas City, Mo., for defendant.

MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Plaintiff seeks a lift of the stay to allow it to repossess a 1975 Caterpillar Tractor with scraper in which it allegedly holds a security interest or for adequate protection for its interest. Debtor denies that plaintiff has a perfected security interest in the property. The parties stipulated as to certain facts and a hearing was held at which the parties appeared by counsel and representatives.

The evidence shows that debtor purchased the equipment from plaintiff in March of 1983 but never made a payment. The UCC filing statement was filed only with the Secretary of State of Missouri. No filing was made with any county recorder. In May of 1983 debtor filed a Chapter 11 bankruptcy case.

In this proceeding plaintiff seeks a lift of the stay to obtain possession of its security or alternatively to grant adequate protection. Debtor answered by general denial and affirmatively asserted that plaintiff had not perfected its security interest under Section 400.9–401, R.S.Mo.1969. A hearing was held. The parties appeared by counsel and representatives. Evidence was heard and the matter taken under advisement.

Section 400.9–401 provides in part that: "(1) The proper place to file in order to perfect a security interest is as follows:

(c) in all other cases, in the office of the Secretary of State and in addition, if the debtor has a place of business in only one county of their state, also in the office of the Recorder of Deeds of such county, or, if the debtor has no place of business in this state, but resides in the state, also in the office of the Recorder of Deeds in the county in which he resides".

Debtor is in the business of mining coal. It has offices and an active coal lease in Howard County, Missouri. It has exploration rights in Saline County, Missouri, and has done some work there. It has a contract to deliver coal to the City of Independence, Missouri. It banks in Jackson and Boone Counties, Missouri. It pays real estate and personal property taxes in Howell County and its vehicles are registered there.

The phrase "place of business" is not defined in the statute. The Court has not found a case in Missouri which interprets the language. The commentary suggests that the "use of the property secured will govern where to properly file a financing statement". But the commentary goes on to warn that "[c]are should be taken to determine how the property will be classified when deciding where to file, or perhaps a dual filing should be made as a matter of course if there is doubt". Comment to Section 400.9–401.

While the language of the comment suggests that the result depends upon what the collateral is, the statute makes no such fine distinction. For example, if the collateral was movable the commentary suggests that the secured creditor need not file locally. The statutory equipment contained in Section 400.9–401(1)(c) does not depend, however, on whether the collateral is mobile but only on where the debtor has a place of business.

In the case of *In re Golden Kernel, Inc.*, 5 UCC Reporting Service (DC ED Pa 1968), a bankruptcy appeal, the court held that a failure to file locally defeated the creditor's security interest. After purchase but before delivery of the equipment sold by creditor to debtor, debtor consolidated its business into one location. The creditor made no local filing. The court noted that the phrase "place of business" was not defined in the Code and conclude that it could only have "its ordinary meaning as the term is generally understood" and is not a term of art. The court also rejected the argument that the debtor had knowledge, thus allowing perfection under Section 9–401(2), [Section 400.9–401(2) in Missouri] pointing out that the debtor in possession in a reorganization case is not the same person as the debtor in a pre-petition debtor-creditor relationship.

In the case of *In re B–B Concrete, Inc.*, 10 UCC Reporting Service 1282 (DC Vt 1971), the evidence showed that debtor did its dispatching and invoicing from Berlin, Vermont, all of its personal property was in Berlin, all of the management functions occurred there, local taxes were paid to that town and its business telephone was located there. The evidence also showed that it received mail in Montpelier, the company letterhead had a Montpelier address and the company's vehicles were repaired outside of Berlin. The court sustained the referee's

decision that the creditor had not perfected its security interest in collateral sold the debtor when it failed to file locally in Berlin. See, to the same effect, *In re P.S. Products Corp.,* 435 F.2d 781 (2nd Cir.1970). In that case the court held that the corporate address did not justify a local filing in that county unless the company actually conducted business there.

Small buildings and trailers designed to move from job to job did not create a place of business within the meaning of the statute. *In re Bethlehem Concrete Corp.,* 306 F.Supp. 1047 (DC ED Pa 1969). The Court noted that the dual filing requirement was mandatory where the debtor had only one place of business. "To the petitioner the result may seem harsh, but harsh results are not unusual in Uniform Commercial Code cases". 306 F.Supp. at 1049.

As a model code, the Uniform Commercial Code contained an alternative provision which would have eliminated the local filing requirement in factual situations such as here. But Missouri did not adopt that alternative and this Court is obligated, therefore, to give meaning to that requirement. *Bostian v. Universal CIT Credit Corporation,* 238 F.2d 809 (8th Cir.1956). To the same effect see *In re Carmichael Enterprises, Inc.,* 334 F.Supp. 94 (DC ND Ga 1971).

The location of a debtor's place of business is a question of fact. That debtor has a mailing address or a bank account or corporate agent for service at a location does not make that the place of business. *Ford Motor Credit Co. v. Weaver,* 680 F.2d 451 (6th Cir.1982); *In re Wil-Win Farms, Inc.,* 21 B.R. 299 (Bkrtcy.MD Fla 1982); *Matter of B & L Coal Co., Inc.,* 20 B.R. 864 (Bkrtcy. WD Pa 1982); *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 926 (Bkrtcy. ED NY 1982).

Here the evidence shows that debtor sold coal to Independence, Missouri, but the transaction was through a broker. It was looking for coal in Saline County, Missouri, but only on a casual basis. All of its normal business activities, such as record keeping, coal production, clerical work and offices were conducted in and located in Howard County. The reported decisions point out a distinction between doing business and place of business. The Court finds that debtor had only one place of business in Missouri even though it may have been doing business in other locations and is convinced that the state courts in Missouri would hold consistently with the decisions in other states.

These decisions, as several courts admit, are the consequence of a rigid construction of the statute and reach harsh results. See, for example, *Uniroyal, Inc., v. Universal Tire & Auto Supply Co.,* 557 F.2d 22 (1st Cir.1977). It may be unsound in this day to have decisions which turn on a requirement for a local filing. But it is not for this Court to make such a determination. Absent a change of law, however, the careful creditor may have to file locally wherever he sees the debtor moving.

The Court finds that plaintiff has not perfected its security interest and is an unsecured creditor. Lift of the stay is DENIED. Alternative relief is also DENIED.

SO ORDERED this 20th day of October, 1983.