**In re Texas Gene COX, Debtor.**

**Bankruptcy No. 99–61032.**

United States Bankruptcy Court,
W.D. Missouri.

Nov. 29, 1999.

---

**33.** *Id.*

Raymond I. Plaster, Springfield, MO, for debtor.

Thomas J. O'Neal, Shughart, Thomson & Kilroy, Springfield, MO, Paul H. Berens, Bradshaw, Steele, Cochrane & Berens, Cape Girardeau, MO, for John Deere and Komatsu.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtor-in-possession Texas Gene Cox (Cox), by and through his attorney, objected to the alleged secured claims of John Deere Construction Equipment Company (John Deere) and Komatsu Financial (Komatsu) on the grounds that the claims were not properly perfected. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUE PRESENTED

Cox purchased a JD550G Dozer from John Deere and granted John Deere a purchase money security interest in same. Cox also purchased a Komatsu D65 EX–12 Dozer from Komatsu and granted Komatsu a purchase money security interest in same. John Deere filed a financing statement in Indiana. Komatsu filed a financing statement with the Missouri Secretary of State. All of the financing documents list Nixa, Christian County, Missouri as Cox's business address. Cox stores some construction equipment on land owned by him and his wife in Stone County, Missouri. Under Missouri law, if a debtor has only one place of business, a creditor must file a financing statement in both the county where the place of business is located as well as with the Secretary of State. As to mobile construction equipment used in more than one state, the proper place of filing is the state where the debtor is located, or where he maintains a place of business. Does Cox have one place of business in Christian County, Missouri necessitating a filing with both the Missouri Secretary of State and with the recorder of deeds in Christian County, Missouri in order to perfect the claims of John Deere and Komatsu?

## DECISION

Missouri law requires the filing of a financing statement in two locations if debtor has only one place of business. John Deere and Komatsu failed to prove that Mr. Cox had more than one place of business, therefore, I find that their claims are unsecured.

## FACTUAL BACKGROUND

On August 6, 1998, Cox signed a purchase money security interest contract with a dealer in Indiana for the purchase of a John Deere 550G Crawler Dozer (the John Deere Dozer), and on August 12, 1998, that contract was assigned to John

Deere.[1]  On August 20, 1998, John Deere filed a UCC–1 financing statement with the Indiana Secretary of State.[2]

On September 17, 1997, Cox executed a purchase money security interest contract with Kirby Smith Machinery, Inc. in Oklahoma City, Oklahoma for the purchase of a Komatsu D65EX–12 Dozer S/N 61846 (the Komatsu Dozer).[3]  That contract was assigned to KDC Limited Partnership (a/k/a as KDC Financial and Komatsu Financial), and on December 18, 1997, Komatsu filed a UCC–1 financing statement with the Missouri Secretary of State.[4]  Both the purchase money security interest contracts and the financing statements list the debtor as Tim Cox and his address as 851 Meadowview Drive, Nixa, Missouri 65714. Cox owns a construction company that primarily builds golf courses throughout the United States.  Until January of 1999 he rented storage space to store his equipment when it was not located on a job site. In January of 1999 he and his wife purchased 460 acres of property in Stone County, Missouri from Cox's mother and sister.  Cox is currently developing the acreage into a golf course.  He also is storing most of his equipment on the property.  The only building on the property is a storage shed.  There are no utilities on site.  Cox does not receive mail at this address.  The address is not listed on either of the purchase money security interest contracts or on either of the financing statements.  In fact, Cox acquired this property after he purchased the John Deere Dozer and the Komatsu Dozer.

On June 14, 1999, Cox filed a Chapter 11 Bankruptcy petition.  Both Komatsu and John Deere filed timely proofs of claim. John Deere filed an allegedly secured claim in the amount of $55,000.00.[5]  Komatsu filed an allegedly secured claim in the amount of $155,000.00.[6]  Cox objected to both of these claims as secured claims on the grounds that they were not properly perfected.  Both creditors filed responses.  John Deere argues that Cox was in Indiana working on a golf course when he purchased the John Deere Dozer, therefore, Indiana was the proper place to file. Komatsu argues that Cox has more than one place of business, therefore, it only needed to file with the Missouri Secretary of State in order to perfect its lien.  A hearing was held on November 17, 1999. In addition to the claims' objections, the Court also held a hearing on motions to dismiss filed by John Deere, Komatsu, and Kubota Credit Corporation, as well as the United States Trustee's oral motion to convert the Chapter 11 to Chapter 7. The case was converted to Chapter 7 at the hearing, and an Order was entered on November 18, 1999.  The issue of perfection was taken under advisement.

## DISCUSSION

Under the version of the Uniform Commercial Code adopted by Missouri a secured creditor must file with both the Secretary of State and the recorder of deeds in the county where the business is located if a debtor has only one place of business:

(1) The proper place to file in order to perfect a security interest is as follows:

(c) . . . in the office of the secretary of state and in addition, if the debtor has a place of business in only one county of this state, also in the office of the recorder of deeds of such county.[7]

Moreover, as to mobile goods, such as construction equipment used in the development of golf courses in more than one jurisdiction, the proper place to file in order to perfect a lien in such construction

---

1.  Cred.Ex. # 1.

2.  Cred.Ex. # 4.

3.  Deb.Ex. # 5.

4.  Cred.Ex. # 15.

5.  Deb.Ex. # 6.

6.  Deb.Ex. # 5.

7.  Mo.Stat.Ann. § 400.9–401 (1994).

equipment is governed by the law of the state in which the debtor is located:

(a) This subsection applies to accounts ... and general intangibles and to goods which are mobile and which are of a type normally used in more than one jurisdiction, such as motor vehicles, trailers, rolling stock, airplanes, shipping containers, road building and construction machinery, and commercial harvesting machinery and the like, if the goods are equipment....

(b) The law (including the conflict of laws rules) of the jurisdiction in which the debtor is located governs the perfection and the effect of perfection or nonperfection of the security interest.

. . . . .

(d) A debtor shall be deemed located at his place of business if he has one, at his chief executive office if has more than one place of business, otherwise at his residence.[8]

Despite John Deere's contention, therefore, that the John Deere Dozer was purchased in Indiana and was initially going to be used in Indiana, the proper place for it to file its financing statement was in Missouri. All of the documentation for the sale of the John Deere Dozer indicates that Cox was located in Nixa, Missouri. Moreover, he lived in Nixa, Missouri. As to John Deere, I find that its security interest in the John Deere Dozer was never properly perfected and I will sustain Cox's objection to its claim as a secured claim.

■ Komatsu, on the other hand, argues that Cox had more than one place of business in Missouri, therefore, it needed only to file with the Missouri Secretary of State, which it did. As proof that Cox had more than one place of business, Komatsu relies on the fact that Cox kept most of his construction equipment on a site in Stone County owned by Cox and his wife. It is not disputed that Cox has stored his equipment on the Stone County site since January of 1999. Cox testified that he used to lease storage space to keep his equipment when it was not in use. Since the purchase of the Stone County property, however, he has been using much of the equipment there to develop a golf course on that site. In addition, he has wanted to save the storage expense by keeping the equipment on his own property. He also testified that he conducts no business out of the Stone County site. His office is located in Christian County. All of his records, save documents he has in his truck when he visits a construction site, are located in Christian County, Missouri. The address in Christian County is used on his stationery and on all the contracts he negotiates. Moreover, the address in Christian County is listed on the purchase money security interest contracts for the John Deere Dozer and the Komatsu Dozer, as well as on the filed financing statements. Other than some photographs that did show equipment and a construction trailer located on the Stone County property,[9] Komatsu offered no other evidence that Cox has more than one place of business either in Missouri or in any other state. In *Budd Leasing Corporation v. Mid–Missouri Energy Corporation (In re Mid–Missouri Energy Corporation),*[10] the Court found that the debtor in the coal mining business had only one place of business, even though it was mining in more than one county.[11] In *In re Open Door Press, Inc.,*[12] the Court reiterated that if a debtor has only one place of business, a secured creditor must file both with the Secretary of State and with the recorder of deeds in the County where the business is located.[13]

8. *Id.* at § 400.9–103(3).

9. Cred.Ex.## 23–31.

10. 34 B.R. 58 (Bankr.W.D.Mo.1983).

11. *Id.* at 59.

12. 142 B.R. 883 (Bankr.E.D.Mo.1992).

13. *Id.* at 888.

In *American Cyanamid v. McCrary's Farm Supply, Inc. (In re McCrary's Farm Supply, Inc.),*[14] the Eighth Circuit held that an approved storage warehouse played a substantial role in the debtor's business, therefore, the warehouse was a second place of business for purposes of perfection.[15] In determining what a substantial role is, the Court noted that the debtor was required to store the chemicals in locations approved by the secured creditors, that this warehouse was one of the approved locations, that the address of the warehouse appeared on the financing statements as a business address, that it was listed as an approved location in the security agreements, that the warehouses were in essence distribution centers for debtor's business, that shipments were made directly from the warehouses, and that suppliers absorbed the costs of transportation to the warehouse, thus increasing debtor's profits.[16] Finally, the Court relied on practical observation and common sense to determine that the distribution warehouse was an additional place of business for the debtor and a central filing satisfied the perfection requirements of the statute.[17] None of the factors relied on by the Eighth Circuit in *McCrary,* however, are present in this case. There is no mailing address for the Stone County site, therefore, that address was never used as an alternative address in either the security agreement or the financing statement. Obviously, John Deere and Komatsu were not aware of the Stone County site when they sold their equipment to Cox, because Cox had not purchased the property at the time. Storing equipment on a construction site is more analogous to mining coal when in the coal mining business, as in *Mid–Missouri Energy,* than it is to receiving and distributing farm chemicals from a central warehouse, as in *McCrary's Farm Supply.* No business decisions were made at the Stone County site; Cox was simply doing business there—building a golf course. For all of these reasons I find that Komatsu has failed to prove that Cox had more than one place business. It was, therefore, required to file a financing statement with both the Secretary of State and the Christian County recorder of deeds in order to perfect its lien. Since it failed to do so, I will sustain Cox's objection to its proof of claim as a secured claim.

An Order in accordance with this Memorandum Opinion will be entered this date.

14. 705 F.2d 330 (8th Cir.1983).

15. *Id.* at 333.

16. *Id.*

17. *Id.* I note that the debtor was located in Arkansas and the Court was referring to Arkansas' version of the Uniform Commercial Code. But that version is essentially identical to the version adopted by Missouri.