In re WIL–WIN FARMS, INC., Debtor.

WIL–WIN FARMS, INC., Debtor-in-Possession, Plaintiff,

v.

FORD MOTOR CREDIT COMPANY and Patz Company, Defendants.

Bankruptcy No. 81–872–BK–J–GP.
Adv. No. 82–133.

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

June 28, 1982.

Ronald Bergwerk, Jacksonville, Fla., for plaintiff.

Joseph Giambalvo, Clearwater, Fla., for defendant, Patz Co.

Harry B. Mahon, Jacksonville, Fla., for defendant, Ford Motor Credit Co.

## MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

The debtor-in-possession has brought suit to determine the extent, validity or priority of a lien. The Plaintiff contends that the Defendant, Patz Company, failed to properly perfect its security interest in certain farm equipment by filing a financing statement in accordance with the provisions of the Florida Uniform Commercial Code.

The facts are not in dispute. The Defendant, Patz Company, sold farming equipment to the debtor. Although denominated a lease, the transaction was intended by the parties to be a secured financing transaction. *See* Florida Statute § 679.202. A representative of the Patz Company prepared the sales contract, which recites that the debtor corporation is in Clay County, Florida, and that the property will be located within Clay County. A representative of the debtor signed the contract and the financing statement. The Defendant filed the financing statement in Clay County but did not file one in St. Johns County. Although the debtor has a mailing address of Green Cove Springs, Florida, which is in Clay County, the debtor corporation is physically located entirely within St. Johns County. It is listed by the Secretary of State as located in Clay County.

The issue is whether the filing in Clay County is effective against the debtor-in-possession, which has the powers of a bankruptcy trustee.[1] The parties agree that the relevant statute is Florida Statute § 679.401(1)(a), which states, "If the collateral is equipment used in farming operations . . . by recording: (1) In the Office of the Clerk of the Circuit Court in the county of the debtor's place of business, if he has one, in the county of his chief executive office, if he has more than one place of business, otherwise in the county of his residence . . . ."

There are a number of cases on point, each of which supports the Plaintiff's position. In *P. S. Products Corp. v. Equilease Corp.*, 435 F.2d 781 (2d Cir. 1970), the debtor corporation had its only place of business in Farmingdale, Long Island, New York in Suffolk County. Farmingdale is located predominantly in Nassau County and only a small part of the town is within the borders

---

1. Because the Plaintiff is a debtor-in-possession, Florida Statute § 679.401(2), relating to good faith filing in an improper place being effective against persons with knowledge of the financing statement, is inapplicable.

of Suffolk County. Equilease assumed that the debtor was located in Nassau County and filed its financing statement there. The debtor's Certificate of Incorporation listed Nassau County as the debtor's location, which, under pre-UCC Law, was conclusive as to the place of filing. The debtor was listed in the Nassau County telephone directory and leased a post office box in Nassau County. The Court held that Equilease was unperfected as against a bankruptcy trustee. It specifically stated that, under the UCC, the address listed in the Certificate of Incorporation cannot be considered the place of business unless the company actually conducts business at that location.

In *Uniroyal, Inc. v. Universal Tire & Auto Supply Co.*, 557 F.2d 22 (1st Cir. 1977), the debtor's office was very near the Boston city line but outside the Boston city limits. It had a Boston address on its letterhead, checks, billhead, federal and state tax returns, and on its annual reports to the Secretary of State. The Court stated that although "the debtor gave all but the most avid researcher or local geographer good reason to suppose, incorrectly, that its offices were in Boston," the filing requirements of the UCC were not met.

Similar results were reached in lower court decisions. In *In re Kalinoski*, 13 UCC Rep. 387 (Bkrp.W.D.Wis.1973), the debtor was located in Cuba City, Wisconsin. The greater part of Cuba City is in Grant County and only a small part in LaFayette County. The debtor's place of business was within that small area about 1,000 feet from the county line. The postal directory and the official Wisconsin highway map placed Cuba City entirely within Grant County. In holding that the creditor, which filed its financing statement in Grant County, was unperfected against the bankruptcy trustee, the Court stated that "[h]owever understandable the plight of the petitioners, the statute leaves no opportunity for discretion." In *In re Flynn*, 6 UCC Rep. 1119 (Bkrp.E.D.Mich.1969), the only address given by the debtor to the creditor was in Oakland County, although the debtor actually resided in another county. The Court held for the bankruptcy trustee, stating

that "[t]he duty to file as required by the Code is imposed upon the secured creditor. The fact that he may have been misled by the debtor does not release him from the obligation imposed." See also *In re Hyde*, 6 UCC Rep. 979 (Bkrp.W.D.Mich.1969) and *In re Baker*, 4 UCC Rep. 723 (Bkrp.E.D.Wis. 1967).

The Court believes that the result dictated by these cases is harsh. However, two appellate decisions deal directly with the issue and specifically indicate that this Court should not permit its view of the equities of the situation to determine the outcome. In the *Uniroyal* case, the First Circuit commented:

"Efforts by courts to fashion equitable solutions to mitigate the hardship on particular creditors of literal application of statutory filing requirements would have the deleterious effect of undermining the reliance which can be placed upon them. The harm would be more serious than the occasional harshness resulting from strict enforcement." (557 F.2d at p. 23).

In view of this strong appellate admonition as well as the uniformity in result of the reported cases, the Court reluctantly concludes that the Defendant has not properly perfected its security interest and that the Plaintiff must prevail. An appropriate order will be separately entered.