**In re MOTT SIGNS, INC., Debtor.**

**Bankruptcy No. 89–04236–A.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Nov. 7, 1989.

George Ralph Miller, DeFuniak Springs, Fla., for Walton County.

M. Alan Rhodey, Ft. Walton Beach, Fla., for debtor.

## ORDER DENYING MOTION FOR RELIEF FROM STAY

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This case is before the Court on creditor Walton County's motion for relief from the automatic stay. Walton County claims a perfected security interest in certain equipment and a vehicle owned by the Debtor. The Debtor argues Walton County's security interest has not been perfected, since a financing statement has not been filed with the Florida Secretary of State, as required by Section 679.401, Fla.Stats. (1987). The Court conducted a preliminary telephone conference on August 14, 1989. The Court has been briefed by both parties. For the reasons stated below, Walton County's motion is denied.

The facts are largely undisputed. The Debtor's Chapter 11 case was filed on March 27, 1989. In 1985 and 1986, the Debtor executed promissory notes and a security agreement in favor of Walton County. As security for the loans, the Debtor granted Walton County an interest in certain equipment[1] and a vehicle[2] used in the Debtor's business. Walton County filed a financing statement (UCC–1), executed by the Debtor, in the office of the Clerk of the Circuit Court of Walton County, rather than with the Florida Secretary of State's office, as required by Section 679.401(3)(c), Fla.Stats.

To perfect a security interest in equipment, a creditor must file a financing statement which complies with Section 679.402, Fla.Stats. (1987), in the place specified by the statute. The purpose of the filing system is to give notice to interested parties that a security interest exists in property of the debtor. *Owen v. McKesson & Robbins Drug Co.*, 349 F.Supp. 1327 (N.D.Fla. 1972). A financing statement is sufficient if it includes the "name of the debtor and the secured party, is signed by the debtor, gives an address of the secured party ..., gives a mailing address of the debtor, and contains a statement describing the collateral." Section 679.402(1), Fla.Stats. (1987). To perfect an interest in equipment, other than equipment used in farming operations, the financing statement must be filed in the office of the Department of State. Section 679.401(1)(c), Fla.Stats.

Walton County relies on subsection (2) of Section 679.401, which provides:

... a filing which is made in an improper place or in fewer than all of the places required by this section ... is effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement.

Under normal circumstances, Walton County's financing statement, although filed in the wrong location, would effectively perfect its security interest against persons with knowledge of the financing statement. However, because of the bankruptcy filing, Section 679.401(2) does not apply to protect Walton County against the interest of a Debtor in Possession or bankruptcy trustee. *In re Wil–Win Farms, Inc.*, 21 B.R. 299, 300 at n. 1 (Bkrtcy.M.D.Fla.1982). The Debtor in Possession has all the powers of a bankruptcy trustee, and under Section 544 of the Bankruptcy Code, can avoid

---

1. As security for its loan, the Debtor granted Walton County an interest in an automated sign system, a gooseneck equipment trailer, an HR–15 compressor, an exhaust chamber accessory, a Hyster work lift truck, a skyhook aerial crane and a 1986 GMC truck.

2. Florida law requires a secured party to note its lien on the motor vehicle certificate of title in order to enforce the lien against innocent purchasers or subsequent creditors of the vehicle owner. Walton County has not shown the Court that its lien is noted on the title to the 1986 GMC truck.

any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; . . . .

11 U.S.C. Section 544(a)(1). This section, known as the "strong arm clause", allows the trustee or debtor in possession to marshal or increase the potential assets of the estate for an equal distribution according to the terms of the Bankruptcy Code. "Whenever under the applicable law such a creditor or bona fide purchaser might prevail over prior transfers, liens, encumbrances or the like, the trustee will also prevail." 4 King, *Collier on Bankruptcy*, Para. 544.01 (15th ed.). Because Walton County failed to file its financing statement in the proper location to perfect its security interest, the Debtor in Possession, standing in the position of a bona fide purchaser, will prevail over Walton County's security interest in the Debtor's equipment. Accordingly, Walton County's motion for relief from the automatic stay is denied.

DONE AND ORDERED.