A bank making a loan to Walker Brothers would only be required to search under the partnership name and in the case *sub judice* no partnership name would surface. Accordingly, the financing statements in the instant case were insufficient to perfect movant's security interests.

**In re Richard E. WALKER and Cecilia A. Walker, Debtors.**

**No. 91–5526–BKC–3P1.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 15, 1992.

Lansing J. Roy, Jacksonville, Fla., for debtors.

Donald DuFresne, Jacksonville, Fla., Steven W. Hyatt, Miami, Fla., for John Deere Co.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Motion for Relief from Automatic Stay or for Adequate Protection filed by John Deere Company ("Movant"). Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

On August 30, 1989, Debtor Richard Walker entered into a security agreement for the purchase of a John Deere Model 2955 Tractor and a John Deere Model 265 Loader. (Movant's exhibit 1) The security agreement was accepted by Movant on September 7, 1989.

On October 2, 1989, Movant recorded a financing statement (UCC–1) in the Official Records in Nassau County, Florida. (Movant's exhibit 2) Prior to October 1, 1989, Fla.Stat. ch. 679.401(1)(a) required that financing statement on farm equipment be filed in the official records in the county of the debtor's place of business, if the debtor was a resident of Florida. Effective October 1, 1989, the "farm equipment" portion of the statute was removed and, therefore, the proper place to file was with the Secretary of State, under Fla.Stat. ch. 679.-401(1)(c).

### Conclusions of Law

A plain reading of the unambiguous terms of Fla.Stat. ch. 679.401(1)(a) and (c) yields a result that leaves Movant's interest in the debtors' farm equipment unperfected. Farm equipment now falls under 679.401(1)(c) and, thus, a financing statement on the equipment purchased by Debtor Richard Walker must have been filed with the Secretary of State in order to have perfected Movant's interest.

Although based on the statute when it required that the financial statements be filed with the county of debtor's business, this Court has addressed the issue of improper filing. *In re Wil–Win Farms, Inc.*, 21 B.R. 299 (Bankr.M.D.Fla.1982). In that case, the creditor filed the financing statement in the county where the sales contract indicated the debtor was located and where the collateral was to be located. However, the debtor's physical location was in another county. This Court stated that " '[t]he duty to file as required by the Code is imposed upon the secured creditor. The fact that he may have been mislead by the debtor does not release him from the obligation imposed.' " *Id.* at 301 (quoting *In re Flynn*, 6 U.C.C.Rep. 1119 (Bankr. E.D.Mich.1969).

Just as the filing requirement was strictly construed in the *Wil–Win Farms* case, it must also be strictly applied in the instant case. Prior to October 1, 1989, Movant's filing would have been proper and its interest perfected. However, "in order to perfect a security interest" on or after that date, a financing statement must have been filed with the Secretary of State. Movant's financing statement was not so filed and, consequently, was not effective to perfect its security interest.

A separate order denying the Motion for Relief from the Automatic Stay or for Adequate Protection will be entered.